UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONTE ROLANDO HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00536-WTL-DLP |
| | ) |
| ANGELA P. DUNBAR, | ) |
| STEPHEN COPE CTU Analyst, | ) |
| JOHN DOE CTU Director, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Defendants' Motion to Dismiss
and Directing Entry of Final Judgment**

**I. Background**

On May 27, 2016, plaintiff Donte Rolando Harris filed this lawsuit in the District of Columbia. It was transferred to this Court on November 28, 2017. At all relevant times, Mr. Harris was incarcerated in the United States Penitentiary in Terre Haute, Indiana. He is currently confined in a federal penitentiary in Marion, Illinois.

In the amended complaint filed on June 30, 2017, Dkt. No. 36, Mr. Harris names three defendants: 1) Angela P. Dunbar; 2) Stephen Cope; and 3) Paul Adams (named "John Doe" in the amended complaint, but identified as Paul Adams in the defendants' motion to dismiss). Mr. Harris alleges that Angela P. Dunbar, an official with the Bureau of Prisons ("BOP"), continued Mr. Harris' special confinement within the Communications Management Unit ("CMU") for over six years without any procedural due process. He further alleges that in May 2011, Stephen Cope, a BOP employee, intercepted an outgoing letter intended for Mr. Harris' cousin (who has a son in prison) and at other times opened legal/special mail outside his presence. Mr. Harris'

claim against Mr. Adams is that as the Director of the Counter Terrorism Unit ("CTU"), he continued Mr. Harris' special confinement within the CTU for over six years without any procedural due process. He seeks compensatory and punitive damages and the expungement of all records relating to his being monitored in the CTU.

Mr. Harris' claims implicate the First and Fifth Amendments to the United States Constitution. His claims for damages are brought pursuant to the doctrine created in *Bivens v. Six Unknown Named Agents of Feb. Bur. Of Narcotics*, 403 U.S. 388 (1971).

Presently pending before the Court is the defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 60.

## II. Standard of Review

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

## III. Discussion

As noted, this action is brought under the implied cause of action theory adopted in *Bivens*, which authorized the filing of constitutional tort suits against federal officers. The defendants' motion to dismiss argues that the plaintiff's claims fail to state a claim upon which relief can be granted based on recent Supreme Court law. In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court held that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1857 (internal quotation omitted). "This is in accord with the Court's observation that it has consistently refused to extend *Bivens* to any new context or new category of defendants" and has done so "for the past 30 years." *Id.* (internal quotation omitted). "The Court's precedents now make clear that a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* (internal quotation omitted).

The Supreme Court has recognized an implied damages remedy under the Constitution in only three cases: (1) a Fourth Amendment claim against federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment substantive due process and equal protection gender discrimination claim against a congressman for firing his female administrative assistant because she was a woman, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). *Abbasi*, 137 S.Ct. at 1854-55, 1860.

### A. New *Bivens* Context

Post-*Abbasi*, additional scrutiny is required before a plaintiff may proceed with a *Bivens* action if the claims arise "in a new *Bivens* context." *Abbasi*, 137 S.Ct. at 1864. "If the case is different in a meaningful way from previous *Bivens* cases determined by this Court, then the context is new." *Id.* at 1859.

> Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1859-60.

In *Abbasi*, the Supreme Court specifically noted that it has declined to extend *Bivens* in a number of contexts, including: a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–672, 683–684 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–474 (1994); a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007); and an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012). *Abassi*, 137 S. Ct. at 1857.

Mr. Harris' claims in this case are unlike the Fourth Amendment unreasonable seizure claim at issue in *Bivens*, the gender discrimination claim in *Davis*, or the deliberate indifference

claim in *Carlson*, all of which were allowed to proceed under *Bivens*. Mr. Harris' interference with mail claim is brought under the First Amendment. His procedural due process claims are brought under the Fifth Amendment.

Prior to *Abbasi,* although in some cases the Supreme Court assumed without deciding that a *Bivens* remedy was available for a First Amendment claim, it never identified one. *See Reichle v. Howards*, 566 U.S. 658 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Ashcroft*, 556 U.S. at 675 (assuming, without deciding, that a free exercise claim was available because the issue was not raised on appeal, but noting that the reluctance to extend *Bivens* "might well have disposed of respondent's First Amendment claim of religious discrimination"); *Bush*, 462 U.S. at 390 (declining to create *Bivens* remedy for First Amendment claim against a federal employer because "Congress is in a better position to decide" the issue).

The Supreme Court has declined to extend a *Bivens* remedy to due process claims in a number of contexts. Indeed, in *Abbasi*, the Court declined to allow a *Bivens* remedy to aliens who were in the United States without legal authorization but were allegedly held without bail for three to eight months in extremely harsh and physically abusive conditions. *Abbasi*, 137 S.Ct. at 1852-53. The claims disallowed in *Abbasi* itself were brought under the substantive due process and equal protection components of the Fifth Amendment, as well as the Fourth Amendment. *Id.* at 1853-54.

Applying these authorities and considerations, the Court concludes that Mr. Harris' First Amendment interference with mail claim and Fifth Amendment due process claims arise in a new *Bivens* context.

### B. Alternative Avenue for Relief and Special Factors

Having decided that Mr. Harris' claims arise in a new *Bivens* context, this Court must next ask whether "Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Abbasi*, 137 S.Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. Moreover, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Id.* at 1865. Post-*Abbasi*, numerous courts, including the Ninth Circuit Court of Appeals, have declined to extend *Bivens* actions to a prisoner's First Amendment and Fifth Amendment (due process) claims because the plaintiff had available alternative remedies. *See Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018). In this case, Mr. Harris has alternative remedies he may use to address his claims by invoking the BOP's administrative remedy process.

Even if there are no alternative avenues to protect the interests at issue, the Court is to consider whether there are any other "special factors counseling hesitation before authorizing a new kind of federal litigation." *Wilkie*, 551 U.S. at 550. The *Abbasi* Court stated that "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Abbasi*, 137 S.Ct. at 1865. "Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Id.* "[T]he Act itself does not provide for a standalone damages remedy against federal jailers." *Id.* "[I]t seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the

proper way to remedy those wrongs." *Id.* The *Abbasi* Court found that "[i]t could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* This Court agrees that Congress' activity in the area of prisoners' rights while failing to create new rights for federal inmates does not support the creation of new *Bivens* claims.

"'Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment.'" *Akande v. Philips*, 1:17-cv-01243-EAW, 2018 WL 3425009 at *8 (W.D.N.Y. July 11, 2018) (quoting *Free v. Peikar*, No. 1:17-cv-00159-AWI-MJS, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018)). This District has concluded the same. *See Badley v. Granger*, 2:17-cv-0041-JMS-DLP, 2018 WL 3022653 (S.D. Ind. June 18, 2018) (no *Bivens* claim for inmate's First Amendment retaliation claim); *Albrechtsen v. Parsons*, 1:17-cv-1665-JMS-TAB, 2018 WL 2100361 (S.D. Ind. May 7, 2018) (no *Bivens* claim for First Amendment retaliation claim); *Muhammad v. Gehrke*, 2:15-cv-334-WTL-MJD, 2018 WL 1334936 (S.D. Ind. Mar. 15, 2018) (inmate's First Amendment retaliation claim not viable under *Bivens*). District courts have specifically held that special factors counseled against implying a *Bivens* remedy in the context of an inmate's interference with mail claims. *See Stratmon v. Morris*, 1:12-cv-01837-DAD-SAB, 2018 WL 3388406 (E.D. Cal. July 10, 2018); *Howard v. Lackey*, No. 7:16-cv-129-KKC, 2018 WL 1211113 (E.D. Ky. Mar. 7, 2018). These Courts reasoned that the Supreme Court has never recognized a *Bivens* remedy under the First Amendment, other avenues for relief, including the BOP administrative grievance process, were available, and Congress was better suited to evaluate whether relief should be allowed in these circumstances. *Stratmon*, 2018 WL 3388406 at *4.

In addition, as noted above, the Supreme Court has declined to extend *Bivens* to Fifth Amendment procedural due process claims against Social Security officials and against a federal agency for wrongful termination. *Abbasi*, 137 S.Ct. at 1857; *see also Rroku v. Cole*, 726 Fed. Appx. 201, 204-05 (5th Cir. Feb. 28, 2018) (dismissed Fifth Amendment claim against a federal officer brought by detainee kept in administrative segregation rather than general population because there was no protectable liberty interest and therefore no remedy under *Bivens*).

Consistent with the above reasoning, the Court holds that the special factors analysis dictates against expanding a *Bivens* remedy to Mr. Harris' First Amendment interference with mail claim and Fifth Amendment due process claims for damages.

### IV. Conclusion

The defendants' motion to dismiss, Dkt. No. 60, is **granted.** The action is **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/25/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DONTE ROLANDO HARRIS
R 37473-083
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Patricia K. McBride
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530

Electronically Registered Counsel